JACOB MEYER ET AL. V. FIRST NATIONAL BANK OF PLATTSMOUTH.

FILED JANUARY 22, 1902.    No. 10,688.

Commissioner's opinion, Department No. 1.

1. **Replevin:** PETITION: ALLEGATIONS: MORTGAGEE IN POSSESSION: BREACH OF CONDITION. In an action of replevin, a petition which states that plaintiff was a mortgagee in possession of the property, holding it as security for a debt of the mortgagor, at the time it was taken from him by a stranger, states a cause of action. In such a case it is unnecessary to allege a breach of the conditions of the mortgage, to entitle the mortgagee to maintain the action.

2. **Instructions.** Instructions examined, and *held* under the facts established, to be erroneous and prejudicial.

ERROR from the district court for Cass county. Tried below before RAMSEY, J. *Reversed.*

*John P. Maule,* for plaintiffs in error.

*A. N. Sullivan, contra.*

DAY, C.

This action was brought in the district court of Cass
county by the First National Bank of Plattsmouth against
Jacob Meyer et al. to recover the possession of certain per-
sonal property specifically described in the petition. The
trial resulted in a verdict and judgment for the plaintiff,
to review which the defendants have brought error to this
court. The facts out of which the controversy arises are
briefly as follows: On November 29, 1895, one W. G.
Keefer was the owner and in possession of a stock of har-
ness and saddlery goods, and was indebted to a number of
creditors, among whom were the plaintiff and defendant
in this action. To secure the indebtedness to the plaintiff,
which amounted to $600, Keefer executed and delivered
a chattel mortgage upon his stock, and also surrendered
the possession of the mortgaged property to the plaintiff.
At the same time and as a part of the same transaction, he
gave his note to the plaintiff as evidence of the indebted-
ness, which by its terms was due and payable April 1, 1896.
A few days after the execution of the mortgage the de-
fendant commenced an action against Keefer, and caused
an attachment to be issued and levied upon the stock then
in the possession of the plaintiff. To regain possession of
the stock, the present action was instituted.

It is strenuously contended on the part of the defend-
ants that the petition does not state a cause of action. The
argument is made that no fact is alleged showing that any
condition of the mortgage had been broken, so as to au-
thorize the plaintiff to take possession of the property; and
the case of *Raymond v. Miller*, 50 Nebr., 506, and other
similar cases decided in this court, are cited in support of
the argument. In each of the cases cited, however, the
mortgagee had never been placed in possession of the
mortgaged property, and in each case was seeking posses-
sion by virtue of the mortgage. It was held—we think
very properly—that the mere allegation of the special
ownership and lien upon the property by virtue of a chattel

mortgage given to the plaintiff, is not, alone, sufficient to show a right of possession. In the case cited the vice of the pleading was that no fact was alleged showing that the mortgagee was entitled to possession. In the present case, however, it is alleged and proved that the plaintiff was in possession of the mortgaged property, and it sufficiently appeared that it was holding it as security for its debt under the mortgage. Where property is taken by a stranger from a person who held the rightful prior possession of it, from the owner, as security for a debt, replevin will lie to recover the property. In such a case, all that need be shown is the prior rightful possession, and that it was at the time of the taking being held as security for the debt.

Complaint is also made of certain instructions given by the court on its own motion. In stating the issue the court instructed the jury that the defendants averred that the petition does not state facts sufficient to constitute a cause of action, and denied all of the allegations of the petition. The eighth instruction of the court was as follows:

"You are instructed that if you find from the evidence in this case, and under these instructions, you find that, at the commencement of this action, defendant was the owner and entitled to the possession of the property in controversy, then your verdict should be for defendant, and the form thereof should be 'that at the commencement of this action defendants were entitled to the possession of the property in controversy, and the value of their possession is $———. That the value of the goods in controversy at the commencement of this suit was $1,473.' "

The defendants did not claim to own the property. They claimed the possession of it by virtue of the writ of attachment levied upon it. By this instruction the jury were told that, if they found defendants were the owners of "and entitled to the possession of the property in controversy," then they should find for the defendants. We think the court by this instruction required of the defendants too much. The ownership of the property was not among the issues, and yet, in order to find for the defendants at all,

under this instruction, it was necessary that the jury should find defendants were the owners at the time of the commencement of the suit. In imposing this additional burden upon the defendants to establish their right to recovery, we think the court erred.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.